1

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

2

3

4

5

JUDE T. DIKE,                                    )        CASE NO. 3:05-CV-0549-BES-VPC
                                                 )
6            Plaintiff(s),                       )
                                                 )        ORDER SCHEDULING
7    vs.                                         )        SETTLEMENT CONFERENCE
                                                 )
8    CARRIER COMMERCIAL                          )
     REFRIGERATION INC.,                         )
9                                                )
             Defendant(s).                       )
10   _____  )

11

12

13          Pursuant to the oral request of the parties, a settlement conference is scheduled to commence

14   on **January 25, 2007** at **9:00 a.m.** in the courtroom of the undersigned United States Magistrate Judge, Federal

15   Courthouse, Fourth Floor, Reno, Nevada.

16          All counsel of record who will be participating in the trial of this case, all parties appearing *pro*

17   *se,* if any, and all individual parties must be present.

18          **In the case of non-individual parties, counsel shall arrange for a representative with**

19   **binding authority to settle this matter up to the full amount of the claim and to be present in court for the**

20   **duration of the settlement conference.  All parties and counsel should make arrangements to be present**

21   **at the settlement conference for the entire day.  Every effort should be made to avoid scheduling airline**

22   **flights or other obligations that will interfere with or shorten the full day of settlement negotiations.**

23          If any party is subject to coverage by an insurance carrier, then a representative of the insurance

24   carrier, with authority to settle this matter up to the full amount of the claim, must also be present in court for

25   the duration of the settlement conference.

26

27

28
                                                 -1-

1    Any exceptions to the above attendance requirements must be submitted to this Court for

2    approval at least one week prior to the settlement conference.

3    PREPARATION FOR SETTLEMENT CONFERENCE

4    I.    ATTENDANCE OF COUNSEL AND CLIENT OR CLIENT REPRESENTATIVE

5    Unless excused by order of the Court, clients or client representatives with complete authority to

6    negotiate and consummate a settlement shall be in attendance at the settlement conference.   This requires the

7    presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative

8    of the client.   For a defendant, such representative must have final settlement authority to commit the

9    organization to pay, in the representative's own discretion, a settlement amount up to the plaintiff's prayer, or

10   up to the plaintiff's last demand, whichever is lower.   For a plaintiff, such representative must have final

11   authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept

12   a settlement amount down to the defendant's last offer.

13   If board approval is required to authorize settlement, the attendance of at least one sitting member of the

14   board (preferably the chairperson) is absolutely required.   Any insurance company that is a party or is

15   contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have

16   a fully authorized settlement representative present.   Such representative must have final settlement authority

17   to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up

18   to the plaintiff's last demand, whichever is lower.

19   The purpose of these requirements is to have in attendance a representative who has both the authority

20   to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative

21   consequences, in order to settle the case during the settlement conference without consulting someone else who

22   is not present.   In the event counsel for any party is aware of any circumstance which might cast doubt on a

23   client's compliance with these provisions, s/he shall immediately discuss the circumstance with opposing counsel

24   to resolve it well before the settlement conference, and, if such discussion does not resolve it, request a telephone

25   conference with the court and counsel.

26

27

28                                                    -2-

Counsel appearing for the settlement conference without their client representatives or insurance company representatives, authorized as described above, will cause the settlement conference to be canceled or rescheduled.  The non-complying party, attorney or both may be assessed the costs and expenses incurred by other parties and the court as a result of such cancellation, as well as any additional sanctions deemed appropriate by the court.  Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order.

II.    PURPOSE OF THE SETTLEMENT CONFERENCE

The purpose of the settlement conference is to facilitate settlement of this case.  It will be conducted in such a manner as not to prejudice any party in the event settlement is not reached.  To that end, all matters communicated to the undersigned in confidence will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  The undersigned, of course, will not serve as the trial judge in this case.

At the settlement conference the parties, by counsel, shall be prepared to outline the factual and legal highlights of their case.  Then separate, confidential caucuses will be held with each party and the party's representative(s).  Attached is an outline for counsel to review with the parties prior to the settlement conference to make the best use of the limited time allotted.

**The requirement for parties' personal appearance is intended to increase the efficiency and effectiveness of the settlement conference,** by reducing the time for communication of offers and expanding the ability to explore options for settlement.

III.    PRE-CONFERENCE NEGOTIATIONS

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own.  **Before arriving at the settlement conference the parties are to negotiate and make a good faith effort to settle the case without the involvement of the Court.  Specific proposals and counter proposals shall be made.  If the parties fail to present specific proposals and counter proposals prior to the settlement conference, sanctions may be imposed by the court if appropriate.**

-3-

If settlement is not achieved before the settlement conference, the parties shall be prepared to engage in further negotiation at the conference.

IV.     THE SETTLEMENT CONFERENCE STATEMENT

In preparation for the settlement conference, the attorneys for each party shall submit a confidential settlement conference statement for the Court's in camera review.  The settlement conference statement shall be limited to seven (7) pages and contain the following:

1.     A brief statement of the nature of the action;

2.     A brief analysis of the key issues involved in the litigation;

3.     A discussion of the strongest points in your case, both legal and factual, and a frank discussion of the weakest points as well;

4.     A further discussion of the strongest and weakest points in your opponent's case, but only to the extent that they are more than simply the converse of the weakest and strongest points in your case;

5.     A history of settlement discussions held to date, including the current status of settlement discussions between the parties, and the last settlement proposal made by you and to you;

6.     The settlement proposal that you believe would be fair;

7.     The settlement proposal that you would honestly be willing to make in order to conclude this matter and stop the expense of litigation;

8.     You are required to attach proof of the specific proposals and counter proposals made prior to the settlement conference pursuant to Section III of this order;

9.     You may attach to your statement those document or exhibits which are especially relevant to key factual or legal issues, including selected pages from deposition transcripts or responses to other discovery requests.

1       The settlement conference statements shall be received in my chambers, 400 S. Virginia Street,

2  Suite 404, no later than **January 18, 2007** by **4:00 p.m.** DO NOT DELIVER OR MAIL THEM TO THE

3  CLERK'S OFFICE; <u>DO NOT SERVE A COPY ON OPPOSING COUNSEL</u>. The settlement conference brief

4  should be in an envelope clearly marked "Confidential, Contains Settlement Brief."

5       The purpose of the settlement conference statement is to assist the Court in preparing for and

6  conducting the settlement conference. In order to facilitate a meaningful conference, your utmost

7  candor in responding to the above-listed questions is required. The confidentiality of each statement will

8  be strictly maintained in my chambers. Following the conference, the settlement conference statements will be

9  destroyed.

10       DATED this <u>16th</u> day of <u>October</u>, 2006.

11

12

13  _____

14  VALERIE P. COOKE
     U.S. MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-5-

1

2                                    SETTLEMENT CONFERENCE PREPARATION

3                 Experience shows that in negotiations the party who is best prepared usually obtains the best

4     result.  Settlement conferences are more efficient if all parties and counsel are prepared.  Consider the following

5     topics to aid in the effectiveness of your settlement conference.

6           A.     FORMAT

7                  1.     Parties with ultimate settlement authority **must** be personally present.

8                  2.     The court will use a mediation format, and private caucusing with each side; the judge
                          may address your client directly.  The judge will not meet with parties separate from
9                         counsel.

10                 3.     Have you discussed private mediation with your client?

11          B.     ISSUES

12
                   1.     What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths
13                        and weaknesses of each issue.  What is your most persuasive argument?

14                 2.     What remedies are available resulting from this litigation?  From a settlement?

15                 3.     Is there any ancillary litigation pending or planned which affects case value?  What
                          about liens?
16
                   4.     Do you have enough information to value the case?  If not, how are you going to get
17                        more information before the conference?

18                 5.     Do attorney's fees or other expenses affect settlement?  Have you communicated this
                          to the other side?
19
                   6.     Is defendant and/or its carrier solvent?
20
            C.     AUTHORITY
21
                   1.     Are there outstanding liens?   Have you verified amounts and whether they are
22                        negotiable?  Do we need to include a representative of the lien holder?  If so, contact
                          a representative of the lien holder and request the representative(s) presence at the
23                        conference.

24                 2.     Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the
                          amount/type affects settlement value, have you notified the other side?  If any party is
25                        subject to coverage by an insurance carrier, then a representative of the insurance
                          carrier, with authority to settle this matter up to the full amount of the claim, must also
26                        be present in court for the duration of the settlement conference.

27

28                                                       -6-

D.    <u>NEGOTIATIONS</u>

    1.    Where did your last discussions end?  Are you sure?

    2.    Schedule with opposing party:  discussions before the settlement conference to make it proceed more efficiently?  At least one offer and response is required.

    3.    What value do you want to start with?  Why?  Have you discussed this with your client?

    4.    What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?  Does your client understand why?

    5.    Is there confidential information which affects case value?  Why can't/won't/ shouldn't it be disclosed?  How can the other side be persuaded to change value if it doesn't have this information?

    6.    What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?  What might change the outcome of the settlement conference?  Pending motions, discovery, expert's report, etc.

E.    <u>CLOSING</u>

    1.    If settlement is reached, it will be on the record.

    2.    Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, Rule 68 offers to compromise?

    3.    How soon could checks/closing documents be received?

    4.    If settlement is not reached, and further discovery is needed, what is your plan for continuing settlement discussions?  Do you want court involvement in these talks?

    5.    If settlement is not reached, be prepared to discuss it again at the Pretrial Conference.